IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TENNIEL WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-2036-NJR-MAB |
| | ) |
| N. CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tenniel Wyatt was an inmate in the Illinois Department of Corrections ("IDOC") when he filed this civil rights lawsuit on October 31, 2018 (Doc. 1). Wyatt has since been released from IDOC custody, but he has not updated his current address, responded to Defendant's pleadings, or otherwise indicated he wishes to maintain this action. On April 5, 2019, Defendant filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 28). Wyatt has failed to respond. For the following reasons, the motion is granted, and this action is dismissed with prejudice for failure to prosecute.

## DISCUSSION

Rule 41(b) permits involuntary dismissal of a case when the plaintiff fails to prosecute an action or comply with court orders. Under Rule 41(b), dismissal is appropriate "when there has been a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998). When deciding whether to enter an involuntary dismissal,

courts should consider:

> The frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff [himself] or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objective that the litigation represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Here, Wyatt has failed to comply with Court orders and has not responded to any of Defendant's discovery requests or pleadings. On December 28, 2018, the Court conducted a merits review of Wyatt's complaint and permitted him to proceed on certain claims (Doc. 11). In its Order, the Court advised Wyatt that he must update the Court and the opposing party with any change in his address, within seven days after a change has occurred. The Court explicitly stated that failure to comply with the Order may result in dismissal of his case. Wyatt's counseling summary notes he was scheduled to be released from IDOC custody on February 26, 2019 (Doc. 28, Ex. 5). Defendant asserts Wyatt cannot be located in the IDOC database, and several pieces of mail have been returned to Defendant that indicate Wyatt was discharged from custody (Doc. 28, Exs. 1-4). Despite apparently being released from custody and incurring a change of address, Wyatt has not updated the Court or Defendant with his new address.

On February 28, 2019, Defendant's counsel served written discovery related to the issue of exhaustion of administrative remedies on Wyatt at Pinckneyville Correctional Center ("Pinckneyville")—Wyatt's last known address (Doc. 28, Ex. 1). The discovery was returned to defense counsel's office on March 11, 2019, as undeliverable (*Id.*). On March 19, 2019, Defendant filed a motion for summary judgment on the issue of

exhaustion and mailed a copy to Wyatt at Pinckneyville (Doc. 25). On March 25, 2019, a letter Defendant mailed to Wyatt regarding outstanding discovery was returned as undeliverable (Doc. 28, Ex. 3). On April 5, 2019, the copy of Defendant's motion for summary judgment was also returned as undeliverable (Doc. 28, Ex. 4). Wyatt's failure to update his mailing address, respond to Defendant's pleadings, or comply with Court orders justifies involuntary dismissal.

Accordingly, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Out of an abundance of caution, the Court advises Wyatt as follows. If Wyatt wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Wyatt chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Wyatt files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Wyatt wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The

motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Wyatt showing excusable neglect or good cause.

If Wyatt chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Wyatt cannot afford to pay the entire filing fee up front, he must

file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1). The IFP motion must set forth the issues Wyatt plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: May 13, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**